UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MELODY T. BRANTLEY,
individually and on behalf of all
others similarly situated,

    Plaintiff,

v.                                            Case No.:  2:23-cv-1161-SPC-NPM

ZEROED-IN TECHNOLOGIES,
LLC and DOLLAR TREE STORES,
INC.,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court is the Class Action Complaint.  (Doc. 1).  "Plaintiff brings this class action complaint against Defendants for their failure to secure and safeguard the personally identifiable information of approximately 1.977 million individuals, including employees and clients of Zeroed-In's client, Dollar Tee[.]"  (Doc. 1 at 1).  The Complaint, however, is a shotgun pleading.

Together, Federal Rules of Civil Procedure 8 and 10 lay out the minimum pleading requirements.  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  And each "party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

Fed. R. Civ. P. 10(b).  Violations of these rules can create shotgun pleading problems.  *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322-23 (11th Cir. 2015).  The problems largely being that shotgun pleadings do not "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  *Id.* at 1323.

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings."  *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).  They waste resources, broaden discovery, and ravage dockets.  *Id.*  Thus, when staring down the barrel of a shotgun complaint, courts should order repleading.  *Paylor v. Hartford Fire Ins.*, 748 F.3d 1117, 1127-28 (11th Cir. 2014) (criticizing district court for not policing shotgun pleadings).

Here, the Complaint is a "quintessential shotgun pleading" for two reasons.  *Weiland*, 792 F.3d at 1321 & n.11 (cleaned up).  First, each claim adopts and incorporates all preceding allegations and counts.  This causes "each successive count to carry all that came before and the last count to be a combination of the entire complaint."  *Id.* at 1321.  The result is a pleading with each claim becoming more Frankenstein-like than the last.  It ends with Count VII—which is effectively a forty-six page, seven-count claim.  Having concluded the Complaint is a shotgun pleading, the Court must dismiss it.  *E.g.*, *Shabanets*, 878 F.3d at 1296.

Second, the Complaint commits "the relatively rare sin of asserting multiple claims against multiple defendants without specifying" the claims against each Defendant. *See Weiland*, 792 F.3d at 1323, 1324 n.17. Plaintiff brings a host of claims against Defendants without specifying who is liable for each claim. Plaintiff sues two Defendants, but it's anybody's guess who did what.

At bottom, the Complaint is a shotgun pleading. *E.g.*, *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins.*, 953 F.3d 707, 732-33 (11th Cir. 2020) (holding group pleading did not give each defendant "fair notice of the allegations" and the grounds of each claim). The Court thus must dismiss the pleading and give Plaintiff a chance to fix the deficiencies. *E.g.*, *Shabanets*, 878 F.3d at 1296.

Accordingly, it is

**ORDERED:**

1. The Class Action Complaint (Doc. 1) is **DISMISSED without prejudice** as a shotgun pleading.

2. Plaintiff must file an amended complaint on or before **December 22, 2023**. **Failure to do so may cause the Court to dismiss and close the case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on December 14, 2023.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

4